UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANNA L. DAILEY, | )    EDCV 16-1410-AGR |
|              Plaintiff, | ) |
| v. | )    MEMORANDUM OPINION AND ORDER |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) |
|              Defendant. | ) |

      Plaintiff filed this action on June 29, 2016. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge. (Dkt. Nos. 12, 13.) On November 6, 2017, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The court has taken the matter under submission without oral argument.

      Having reviewed the entire file, the court affirms the decision of the Commissioner.

# I.

## PROCEDURAL BACKGROUND

Dailey filed an application for disability insurance benefits on December 26, 2012 and alleged an onset date of October 26, 2012. Administrative Record ("AR") 15. The application was denied initially and on reconsideration. AR 15, 68, 81. Dailey requested a hearing before an Administrative Law Judge ("ALJ"). On January 13, 2015, the ALJ conducted a hearing at which Dailey and a vocational expert testified. AR 30-56. On February 23, 2015, the ALJ issued a decision denying benefits. AR 12-25. On April 28, 2016, the Appeals Council denied the request for review. AR 3-8. This action followed.

# II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.

# DISCUSSION

## A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation and quotation marks omitted).

## B. The ALJ's Findings

The ALJ found that Dailey met the insured status requirements. AR 17. Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[1] the ALJ found that Dailey had the severe impairments of mild degenerative disc disease of the lumbar spine; cervical spine sprain; degenerative joint disease of the bilateral knees; osteoarthritis of the right elbow; moderate degenerative arthritis in the right hand; and history of colon dissection with intermittent diverticulitis. AR 17.

The ALJ found that Dailey had the residual functional capacity ("RFC") to perform the full range of sedentary work. AR 20. Dailey was capable of performing past relevant work as a medical secretary and appointment clerk. AR 24.

## C. Credibility

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter v.*

---

[1] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

*Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). At step one, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). The ALJ found that Dailey's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms. AR 22.

Second, when an ALJ concludes that a claimant is not malingering and has satisfied the first step, "the ALJ may 'reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (citation omitted); *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). "A finding that a claimant's testimony is not credible 'must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain.'" *Brown-Hunter*, 806 F.3d at 493 (citation omitted). "'General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.'" *Id.* (citation omitted).

The ALJ found that Dailey's statements were less than fully credible. AR 21. The ALJ relied upon four reasons: (1) objective medical evidence did not support the severity of her allegations; (2) relatively infrequent doctor visits with gaps in treatment; (3) conservative treatment; and (4) a somewhat normal level of daily activities. AR 22.

The ALJ's reasons are supported by substantial evidence in the record. "Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis." *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Dailey retired by choice on October 3, 2011 and moved to Arizona. AR 39, 333, 339. One year later, on October 26, 2012, she was hospitalized with focal colitis. A CT scan of her abdomen showed focal thickening of the bowel wall at the distal transverse colon junction. AR 240, 266. She

4

was referred to Dr. Singh.  The next day, October 27, Dr. Singh noted that she was not in any acute distress, had left lower quadrant tenderness and was doing better on antibiotics.  She was discharged home with antibiotics and no other restrictions.  AR 267-68, 310.  The records indicate that Dailey reported walking frequently and had no limitations on mobility.  AR 312.  By February 26, 2013, her colitis was no longer serious.  AR 329.

At her orthopedic consultation on April 17, 2013, Dailey did not complain of abdominal pain or colitis.  AR 338.  She was able to get on and off the examination table, and remained seated in apparent comfort and without evidence of chronic distress.  She had normal posture and gait.  AR 339.  Dailey's cervical spine had mild paraspinal spasm upon rotation and slight limitation on range of motion ("ROM").  Her thoracolumbar spine had no muscle spasm and slight limitation of motion.  She had minimal right knee medial joint line tenderness and minimal to mild medial joint line tenderness of the left knee.  Examination of her upper extremities was normal.  AR 340-41.  Her hands were capable of using a pen with ease, pinch positioning, approximating her fingers and making fists bilaterally.  Her motor strength was 5/5 and her grip strength was commensurate.  AR 341.  Dailey was diagnosed with age appropriate mild degenerative disc disease and facet arthropathy of the lumbosacral spine; mild to moderate degenerative disc disease and facet arthropathy of the cervical spine; and minimal medial osteoarthritis of the knees, left greater than right.  AR 342.  Dailey was able to sit, stand and walk with normal breaks; reach in all directions, handle, finger and feel without limitations; climb ramps and stairs frequently; climb ladders, ropes and scaffolds occasionally; balance frequenty; and stoop, kneel, crouch and crawl frequently.  She should avoid exposure to heights without protection.  AR 342-43.

Imaging that was subsequently performed on September 12, 2013, indicated mild diffuse degenerative disc disease and facet arthritis of the lumbar spine; minimal degenerative changes in the left knee; and degenerative joint space narrowing of the medial compartment in the right knee.  AR 357-59.  Imaging that was performed on

January 22, 2014 indicated mild to moderate osteoarthritic changes of the right elbow joint with no acute bony pathology; and moderate degenerative narrowing of the interphalangeal joints of the right hand with no erosive arthritis. AR 362-63.

Dailey's mental evaluation on April 5, 2013 revealed essentially no mental functional limitations and a Global Assessment of Functioning score of 70.[2] AR 335-36. Dailey reported mild chronic anxiety and denied trouble with concentration or memory. AR 332. She reported that she retired by choice, took walks and drove, had no difficulty completing household chores, could use a computer and smart phone, and visited her friends. AR 333.

The ALJ's finding that Dailey's treatment was relatively infrequent and conservative is supported by substantial evidence. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (complaints of disabling pain may be undermined by failure to seek more aggressive treatment). In January 2013, Dailey reported to her treating physician that she felt anxious due to financial stressors. Dailey was treated with dietary modifications and medications for anxiety and pains. AR 330. In November 2013, Dailey had moderate pain with motion of the lumbar spine, elbows and hands. AR 399. She was continued on her medications. AR 400. In January 2014, Dailey's examination revealed normal findings except moderate pain with motion of the right elbow. In March 2014, Dailey had no atrophy or weakness, and had a normal gait. Her abdomen was soft and nontender. AR 390. Her musculoskeletal examination was within normal limits. AR 387. Subsequent visits in April and June 2014 were for refills. AR 377, 381. In August 2014, her treating physician opined that Dailey could sit and stand for 30 minutes at a time and precluded her from strenuous activities such as excessive walking or hiking, or lifting, carrying, pushing or pulling more than ten pounds. AR 415. In December 2014, Dailey reported abdominal pain and nausea, and was

---

[2] A GAF of 70 indicates mild symptoms. Diagnostic & Statistical Manual of Mental Disorders 34 (4th ed. text rev.).

6

prescribed antibiotics. AR 468. The medical records do not contain consistent reports from Dailey comparable to the severity and chronic nature of the allegations she made here, such as diarrhea and limitations on reaching, handling, gripping or fingering. AR 40, 46. An ALJ may discount a claimant's credibility on that basis. *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995). It is reasonable to infer that if she could not open a door or was dropping things with her right hand, she would have mentioned it to a physician to obtain treatment. AR 44, 46.

The ALJ found that Dailey's daily activities were inconsistent with the severity of her allegations. Even when daily activities "suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment." *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012). Dailey acknowledged being able to lift 10-15 pounds and walk ½ a mile before resting for 10 minutes. AR 211. She is able to visit friends for dinner and a movie,[3] and go to church. AR 210.

On this record, the court cannot say that the ALJ erred.

## IV.
## ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

DATED: November 28, 2017

ALICIA G. ROSENBERG
United States Magistrate Judge

---

[3] These activities appear inconsistent with allegations that she can sit for only 30 minutes at a time. AR 41-42, 44.

7